IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQT PRODUCTION COMPANY, | ) |
| Plaintiff, | ) 2:20-cv-295-NR |
| v. | ) |
| ASPEN FLOW CONTROL, LLC, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| WORLDWIDE OILFIELD MACHINE, INC., and ROTORK CONTROLS, INC., | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM ORDER

Smith Butz, LLC, and its attorneys, move to withdraw from this case as counsel for Defendant Aspen Flow Control, LLC. According to Smith Butz, "Aspen terminated Smith Butz's services, stopped payment, owes a delinquent balance for past services, and will no longer pay for any additional legal services going forward." ECF 174, p. 1. While the other parties in the case do not oppose Smith Butz's request, per se, they asked that the Court impose certain other conditions on the withdrawal, including, but not limited to, dismissing with prejudice all of Aspen's claims, entering judgment against Aspen, and requiring Aspen to participate in discovery under specified terms. ECF 168; ECF 169; ECF 171. After careful consideration, the Court grants Smith Butz's motion and declines to provide any of the added relief requested by the other parties.

"Whether to grant or deny a motion to withdraw as counsel is within the discretion of the court." *Bradford Energy Capital, LLC v. SWEPI LP*, No. 17-1231, 2021 WL 2865429, at *1 (W.D. Pa. July 8, 2021) (Horan, J.) (citing *Erie Molded*

*Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 84 (3d Cir. 2013)). In exercising this discretion, courts consider these factors: (i) the reasons why withdrawal is sought; (ii) the prejudice withdrawal may cause to other litigants; (iii) the harm withdrawal might cause to the administration of justice; and (iv) how much withdrawal will delay the resolution of the case. *Id.* (citation omitted).

When the request is to withdraw as counsel for a corporation, there is an added practical problem. *Ohntrup v. Firearms Ctr., Inc.*, 802 F.3d 676, 679 (3d Cir. 1986). That's because "[i]t has been the law for the better part of two centuries … that a corporation may appear in federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). But this problem is not an insurmountable barrier to withdrawal. *See Erie Molded Plastics*, 520 F. App'x at 85. The Third Circuit has "conclude[d] that a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned." *Ohntrup*, 802 F.2d at 680.

Turning to the relevant factors, the Court finds that the circumstances here warrant allowing Smith Butz to withdraw as counsel.

Smith Butz has legitimate reasons for withdrawing. Aspen has refused to pay the firm for services rendered and has represented that it will not pay for those services going forward. ECF 165, ¶¶ 59-69. It's not clear to the Court that Aspen is even participating in its defense any longer. It is difficult for Smith Butz to discharge its ethical obligations under these circumstances.

Additionally, none of the other parties would be prejudiced by the withdrawal. As the Third Circuit stated in a similar case, if the Court permits Smith Butz to withdraw, "one of two events would happen: (1) [Aspen] would be forced to retain new licensed counsel, or (2) if [Aspen] failed to retain substitute counsel, it would be subject to default judgment, because it can only appear in federal court through

licensed counsel." *Erie Molded Plastics*, 520 F. App'x at 85. If Aspen retains new counsel, the "suit would proceed … as initially planned," and the other parties "would suffer no harm or prejudice if [Aspen] retains substitute counsel." *Id.* If, on the other hand, Aspen "failed to retain substitute counsel and default judgment were entered against it, resolution of the case would be expedited, as opposed to delayed[.]" *Id.* "Again, this result would not prejudice" the other parties in the case. *Id.*

Finally, by that same token, withdrawal will not harm the administration of justice or materially delay the resolution of the case. In fact, it may speed up the resolution of the case by taking one party "off the board" faster by way of default proceedings, as opposed to through the ordinary course of litigation. Moreover, any discovery as against Aspen can still occur by way of subpoena.

For these reasons, the Court finds that "no meaningful purpose is served by forcing [Aspen's counsel] to remain in this case." *Id.* Aspen "has indicated it is not going to pay counsel and appears to have given up active participation with both its counsel and this case." *Bradford Energy*, 2021 WL 2865429, at *3. Forcing "counsel to attempt to communicate with a client who will likely ignore contact is not a meaningful purpose." *Id.* And the other parties' "ability to satisfy [a] judgment in this case would not be facilitated in any meaningful way by proceeding through counsel who is not wanted and will not be paid."[1] *Id.* The Court will allow Smith Butz to withdraw from the case.

\*   \*   \*

---

[1] The other parties have supplied no authority that provides the Court can condition this withdrawal on granting the added relief requested by the other parties, and the Court is aware of none. See ECF 174, pp. 2-6. To the contrary, the Third Circuit has made clear that it would be erroneous for a district court to condition withdrawal on other requirements. *See, e.g., Erie Molded Plastics*, 520 F. App'x at 85 ("To repeat, the District Court held that Richardson can only withdraw if (1) substitute counsel enters an appearance or (2) Nogah accepts a voluntary judgment. That decision runs counter to our holding in *Ohntrup*, as Richardson is entitled to withdraw once his appearance continues to serve no meaningful purpose.").

- 4 -

**AND NOW**, this 2nd day of June, 2022, it is **HEREBY ORDERED** that Smith Butz's motion to withdraw as counsel for Aspen (ECF 165) is **GRANTED**. The attorneys of record from Smith Butz are terminated from this case. Smith Butz shall serve a copy of this order on the appropriate representative for Aspen.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge