IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQT PRODUCTION COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>ASPEN FLOW CONTROL, LLC, WORLDWIDE OILFIELD MACHINE, INC., and ROTORK CONTROLS, INC.,<br><br>        Defendants. | 2:20-cv-295-NR |

## **MEMORANDUM ORDER**

Plaintiff EQT Production Company has sued Defendant Aspen Flow Control, LLC seeking to recover damages on the grounds that it supplied defective and non-conforming Emergency Shutdown Valves to EQT. Aspen answered EQT's complaint and joined Worldwide Oilfield Machine, Inc. and Rotork Controls, Inc. as third-party defendants. Later, EQT filed an amended complaint, asserting claims against Aspen, Worldwide, and Rotork, and subsequently a second amended complaint. Aspen answered by filing crossclaims against Worldwide and Rotork.

For nearly two years, Aspen actively participated in the case. But on April 28, 2022, then-counsel for Aspen moved to withdraw from these proceedings. ECF 165. In that motion, counsel represented that Aspen is a defunct entity without any operations and revenue. *Id.* at pp. 9-12. Aspen's President and sole member, Matt Green, confirmed that Aspen directed its then-counsel to discontinue Aspen's defense and prosecution of all claims. ECF 165-1.

On June 2, 2022, the Court granted the request for withdrawal stating that "Aspen has refused to pay the firm for services rendered and has represented that it will not pay for those services going forward." ECF 178, p. 2. The Court further found

that Aspen "appears to have given up active participation with both its counsel and this case." *Id.* at p. 2 (quoting *Bradford Energy Capital, LLC v. SWEPI LP*, No. 17-1231, 2021 WL 2865429, at *3 (W.D. Pay. Jul. 8, 2021)) (cleaned up). Upon granting the motion to withdraw, the Court ordered Aspen to secure new counsel by June 21, 2022, or be subject to default judgment. ECF 181.

That deadline came and went without new counsel appearing on behalf of Aspen. As a result, EQT filed a request for entry of default on July 13, 2022. ECF 187. The Clerk of Court entered default against Aspen that same day. ECF 188. EQT then moved for a default judgment. ECF 189. The Court held a hearing on the motion by videoconference on December 2, 2022. ECF 212.[1]

Based on the Court's review of EQT's submissions, and the evidence, testimony, and argument presented at the hearing, the Court grants EQT's motion for the following reasons:

1. The Court's first step is to determine whether default was properly entered. The Court concludes that it was.

2. Federal Rule of Civil Procedure 55 provides for entry of default when a defendant has "failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). The Third Circuit has instructed that the "or otherwise defend" clause in Rule 55(a) "is broader than the mere failure to plead." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992).

3. "Because a corporation cannot represent itself *pro se* in federal court, a corporate defendant's failure to retain counsel after being ordered to do so is a failure to 'otherwise defend' under Rule 55 that justifies a default." *Mendelsohn, Drucker &*

---

[1] Aspen was aware of the hearing, and, in fact its president, Mr. Green, observed the hearing.

*Assocs., P.C. v. Titan Atlas Mfg., Inc.*, No. 12-453, 2013 WL 1842124, at *5 (E.D. Pa. May 2, 2013) (cleaned up).

4. And since Aspen "violated the Court's order to retain counsel and knew the consequences of its conduct, the Court finds that default was appropriately entered." *MicroBilt Corp. v. Bail Integrity Solutions, Inc.*, No. 19-637, 2022 WL 2910462, at *3 (D.N.J. July 21, 2022).

5. Once a default has been entered by the Clerk of Court, Rule 55(b)(2) provides that a district court may enter default judgment against a party. The decision to enter default judgment rests in the sound discretion of the district court. *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

6. In exercising its discretion, the Court must consider: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "When a defendant is in default and has not opposed the motion for default judgment, however, trial courts in this circuit give somewhat less deference to *Chamberlain*." *Smith Transp. Inc. v. Truck & Bus Wash, Inc.*, No. 06-160, 2007 WL 320826, at *1 (W.D. Pa. Jan. 30, 2007) (Gibson, J.) (citations omitted). When deciding whether to enter default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted).

7. The Court finds that all three factors warrant entering default judgment here.[2]

8. First, absent a default judgment, EQT will be significantly prejudiced.

---

[2] EQT has also satisfied all the procedural requirements necessary to obtain a default judgment against Aspen. The pleadings were properly served, the Clerk of Court appropriately entered default, and the Court has jurisdiction.

EQT has been pressing its claims against Aspen for nearly three years. ECF 1. In that time, EQT has had to bear the costs of motions practice, discovery, court appearances, mandated ADR, and various other matters demanded by this action. After all that, Aspen's decision not to retain substitute counsel following prior counsel's withdrawal has "effectively derailed the case." *MicroBilt*, 2022 WL 2910462, at *4. While Aspen has been unrepresented for the past six months, EQT has been unable to advance this case through traditional means. ECF 178. For example, just with respect to advancing discovery, Aspen has cancelled the deposition of its corporate representative four times and has not participated in the last six depositions taken in the case despite receiving notice of each one. ECF 189, ¶¶ 17-18. Truthfully, EQT's "only pathway to resolution is through default judgment." *MicroBilt*, 2022 WL 2910462, at *2.

      9.     Second, Aspen does not appear to have litigable defenses. EQT's claims against Aspen have either not been legally challenged or have already survived legal challenges brought in Aspen's motion for judgment on the pleadings (ECF 143), thereby eliminating any concerns that EQT's claims are legally meritless. And based on the testimony and evidence presented at the hearing, the Court does not see any obvious defense that Aspen can assert on summary judgment. Aspen's answer provides no help in this regard, either. It just "consists of simple denials" and barebone "legal defenses, without further elaboration or reference to the specific facts." *Price Home Grp., LLC v. Ritz-Craft Corp. of Pa.*, No. 16-668, 2017 WL 5191807, at *4 (D.N.J. Nov. 8, 2017). Basically, Aspen's only chance to prevail is to dispute EQT's factual allegations at trial, but the "presence of a factual dispute does not weigh against the Court entering default judgment in this case." *MicroBilt*, 2022

WL 2910462, at *4. Remember, the Court takes EQT's factual allegations as true at this stage.

10. Finally, the delay is directly attributable to Aspen. The Court specifically warned Aspen that its failure to have new counsel enter an appearance on its behalf could result in the Court entering a default judgment against it. ECF 181. Considering this warning, Aspen's failure "can only be deemed willful and intentional." *Price Home*, 2017 WL 5191807, at *4; *see also Borghetti v. CBD USA Grown, Inc.*, No. 19-798, 2020 WL 5363317, at *5 (W.D. Pa. Sept. 8, 2020) (Horan, J.) (finding corporate defendants acted willfully in failing to obtain new counsel). Not only that, but Aspen is directly responsible for its counsel withdrawing from the case—it just stopped paying its attorneys' fees and made clear it would not pay any fees in the future. ECF 178.

11. Therefore, after carefully considering the relevant factors, the Court will enter default judgment for EQT and against Aspen on its claims for breach of contract and breach of warranty found in Counts 1 and 2 of the second amended complaint. The Court will also enter judgment for EQT on Aspen's counterclaims, which Aspen has abandoned.

12. With EQT entitled to a default judgment on its claims, the Court next considers the appropriate relief.

13. At the hearing, the Court heard testimony, received evidence, and heard oral argument on the damages EQT has suffered as the result of Aspen supplying defective and non-conforming valves to EQT in breach of the parties Master Supply Agreement.

14. Based on that information, the Court finds that EQT is entitled to compensatory damages in the amount of $12,369,461, which represents a refund of all amounts EQT paid to Aspen relating to the defective valves.

15. The Court also finds that EQT is entitled to prejudgment interest under Pennsylvania law at a statutory rate of 6% per year. *See* ECF 215, p. 4 (citing *ECEM Eur. Chem. Mktg. B.V. v. Purolite Co.*, 451 F. App'x 73, *79 (3d Cir. 2011); *Sprang & Co. v. USX Corp.*, 599 A.2d 978, 984 (Pa. Super. Ct. 1991); 41 P.S. § 202).

16. EQT's right to receive prejudgment interest accrued no later than August 15, 2019, which is when EQT sent a written notice of default to Aspen that it was in breach of the MSA. ECF 209-2

17. Because the amount due from Aspen is a sum-certain that was known to all parties at the time EQT sent the notice of default, EQT is entitled to receive prejudgment interest on that full amount under Pennsylvania law. *TruServ Corp. v. Morgan's Tool & Supply Co.*, 39 A.3d 253, 263 (Pa. 2012).

18. Prejudgment interest runs from the notice of default through the date of this judgment. As a result, EQT is entitled to $2,473,892.20 in prejudgment interest ($12,369,461 x 0.06 (40 months / 12 months)).

\* \* \*

For these reasons, this **16th day of December, 2022,** it is hereby **ORDERED** that EQT's motion for default judgment (ECF 189) is **GRANTED**.

The Court enters judgment in EQT's favor and against Aspen on its claims in the amount of $12,369,461.00 in compensatory damages and an additional $2,473,892.20 in prejudgment interest.

The Court also enters judgment for EQT and against Aspen on the counterclaims asserted by Aspen against EQT. Aspen's counterclaims are dismissed with prejudice.

/s/ *J. Nicholas Ranjan*
United States District Judge