**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EQT PRODUCTION COMPANY, | ) | |
| | ) | |
| | ) | 2:20-cv-295-NR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASPEN FLOW CONTROL, LLC, | ) | |
| WORLDWIDE OILFIELD | ) | |
| MACHINE, INC., and ROTORK | ) | |
| CONTROLS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

Plaintiff EQT Production Company initially filed this action against Defendant Aspen Flow Control, LLC seeking to recover damages on the grounds that Aspen supplied defective and non-conforming Emergency Shutdown Valves to EQT. Aspen answered EQT's complaint and joined Worldwide Oilfield Machine, Inc. and Rotork Controls, Inc. as third-party defendants. Later, EQT filed an amended complaint, asserting claims against Aspen, Worldwide, and Rotork, and subsequently a second amended complaint. Aspen answered and filed crossclaims against Worldwide and Rotork.

For its part, Worldwide answered EQT's and Aspen's claims and filed crossclaims against Aspen. ECF 149. According to Worldwide, it entered into a series of contracts with Aspen for the purchase of valves and actuators that were later sold and delivered to EQT. *Id.* at ¶ 200. Worldwide claims that Aspen breached those contracts by refusing to remit payment for a portion of those valves and actuators. *Id.* at ¶ 203. It also claims that it is entitled to indemnity or contribution from Aspen

for damages incurred by Worldwide because of Aspen's negligence and other misconduct. *Id.* at ¶¶ 214-220.

For nearly two years, Aspen actively participated in the case. But on April 28, 2022, then-counsel for Aspen moved to withdraw from these proceedings. ECF 165. In that motion, counsel represented that Aspen is a defunct entity without any operations and revenue. *Id.* at pp. 9-12. Aspen's President and sole member, Matt Green, confirmed that Aspen directed its then-counsel to discontinue Aspen's defense and prosecution of all claims. ECF 165-1.

On June 2, 2022, the Court granted the request for withdrawal stating that "Aspen has refused to pay the firm for services rendered and has represented that it will not pay for those services going forward." ECF 178, p. 2. The Court further found that Aspen "appears to have given up active participation with both its counsel and this case." *Id.* at p. 2 (quoting *Bradford Energy Capital, LLC v. SWEPI LP*, No. 17-1231, 2021 WL 2865429, at *3 (W.D. Pa. Jul. 8, 2021)) (cleaned up). Upon granting the motion to withdraw, the Court ordered Aspen to secure new counsel by June 21, 2022, or be subject to default judgment. ECF 181.

That deadline came and went without new counsel appearing on behalf of Aspen. As a result, Worldwide filed a request for entry of default on July 29, 2022. ECF 195. The Clerk of Court entered default against Aspen that same day. ECF 196. Worldwide then moved for default judgment against Aspen. ECF 198. The Court held a hearing on the motion by videoconference on December 2, 2022. ECF 212.[1]

Based on the Court's review of Worldwide's submissions, and the evidence, testimony, and argument presented at the hearing, the Court grants Worldwide's motion for the following reasons:

---

[1] Aspen was aware of the hearing, and, in fact its president, Mr. Green, observed the hearing.

1.      The Court's first step in deciding this motion is to determine whether default was properly entered.  The Court concludes that it was.

2.      Federal Rule of Civil Procedure 55 provides for entry of default when a defendant has "failed to plead or otherwise defend" an action.  Fed. R. Civ. P. 55(a). The Third Circuit has instructed that the "or otherwise defend" clause in Rule 55(a) "is broader than the mere failure to plead."  *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992).

3.      "Because a corporation cannot represent itself *pro se* in federal court, a corporate defendant's failure to retain counsel after being ordered to do so is a failure to 'otherwise defend' under Rule 55 that justifies a default."  *Mendelsohn, Drucker & Assocs., P.C. v. Titan Atlas Mfg., Inc.*, No. 12-453, 2013 WL 1842124, at *5 (E.D. Pa. May 2, 2013) (cleaned up).

4.      And since Aspen "violated the Court's order to retain counsel and knew the consequences of its conduct, the Court finds that default was appropriately entered."  *MicroBilt Corp. v. Bail Integrity Solutions, Inc.*, No. 19-637, 2022 WL 2910462, at *3 (D.N.J. July 21, 2022).

5.      Once a default has been entered by the Clerk of Court, Rule 55(b)(2) provides that a district court may enter default judgment against a party.  The decision to enter default judgment rests in the sound discretion of the district court. *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

6.      In exercising its discretion, the Court must consider: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  "When a defendant is in default and has not opposed the motion for default judgment, however, trial courts in this circuit give somewhat less deference to *Chamberlain*."  *Smith Transp. Inc. v. Truck & Bus Wash, Inc.*, No. 06-160, 2007 WL 320826, at *1 (W.D. Pa. Jan. 30, 2007) (Gibson, J.)

(citations omitted). When deciding whether to enter default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted).

7.      The Court finds that all three factors warrant entering default judgment here.[2]

8.      First, absent a default judgment, Worldwide will be significantly prejudiced. Worldwide has been actively litigating this case for almost three years. In that time, Worldwide has had to bear the costs of motions practice, discovery, court appearances, mandated ADR, and various other matters demanded by this action. After all that, Aspen's decision not to retain substitute counsel following prior counsel's withdrawal has "effectively derailed the case." *MicroBilt*, 2022 WL 2910462, at *4. While Aspen has been unrepresented for the past six months, no party has been unable to advance this case against Aspen through traditional means. ECF 178. For example, with respect to discovery, Aspen has cancelled the deposition of its corporate representative four times and has not participated in the last six depositions taken in the case despite receiving notice of each one. ECF 198, ¶¶ 23-24. Given this reality, Worldwide's "only pathway to resolution is through default judgment." *MicroBilt*, 2022 WL 2910462, at *2.

9.      Second, Aspen does not appear to have litigable defenses. Aspen chose not to move to dismiss Worldwide's claims. And based on the testimony and evidence presented at the hearing, the Court does not see any obvious legal defense that Aspen can assert on summary judgment. *See* ECF 219; Hearing Exhibits. Aspen's answer provides no help in this regard, either. ECF 154. It just "consists of simple denials"

---

[2] Worldwide has also satisfied all the procedural requirements necessary to obtain a default judgment against Aspen. The pleadings were properly served, the Clerk of Court appropriately entered default, and the Court has jurisdiction.

and barebone "legal defenses, without further elaboration or reference to the specific facts." *Price Home Grp., LLC v. Ritz-Craft Corp. of Pa.*, No. 16-668, 2017 WL 5191807, at *4 (D.N.J. Nov. 8, 2017). Basically, Aspen's only chance to prevail is to dispute Worldwide's factual allegations at trial, but the "presence of a factual dispute does not weigh against the Court entering default judgment in this case." *MicroBilt*, 2022 WL 2910462, at *4. Remember, the Court takes Worldwide's factual allegations as true at this stage.

10.     Finally, the delay is directly attributable to Aspen. The Court specifically warned Aspen that its failure to have new counsel enter an appearance on its behalf could result in the Court entering a default judgment against it. ECF 181. Considering this warning, Aspen's failure "can only be deemed willful and intentional." *Price Home*, 2017 WL 5191807, at *4; *see also Borghetti v. CBD USA Grown, Inc.*, No. 19-798, 2020 WL 5363317, at *5 (W.D. Pa. Sept. 8, 2020) (Horan, J.) (finding corporate defendants acted willfully in failing to obtain new counsel). Not only that, but Aspen is directly responsible for its counsel withdrawing from the case—it just stopped paying its attorneys' fees and made clear it would not pay any fees in the future. ECF 178.

11.     Therefore, after carefully considering the relevant factors, the Court will enter default judgment for Worldwide and against Aspen on its crossclaims. The Court will also enter judgment for Worldwide on Aspen's crossclaims against Worldwide, which Aspen has abandoned.

12.     With Worldwide entitled to a default judgment on its claims, the Court next considers the appropriate relief.

13.     At the hearing, the Court heard testimony, received evidence, and heard oral argument on the damages Worldwide has suffered as the result of Aspen's failure to pay several properly submitted invoices between 2018 and 2019. ECF 219, p. 2.

14.     The parties' contractual relationship was formed by a series of quotes,

purchase orders, and sales orders that were exchanged between Worldwide and

Aspen.  *Id.*   Those formal quotes and sales order acknowledgments included

Worldwide's standard Terms and Conditions.  *Id.* (citing Hearing Exhibit 1, p. 5, ¶ 2).

15.    Worldwide's Terms and Conditions state that any "[p]ast due amounts

bear interest at the rate of 1.5% per month (or the highest rate allowed by law,

whichever is less) beginning from the date first due until paid in full."  *Id.*

16.    When "the contract expressly provides for the payment of interest, or

the payment of interest is implied by the nature of the promise, the interest is said to

become an integral part of the debt itself, and, therefore, is recoverable as of right

under the terms of the contract."  *TruServ Corp. v. Morgan's Tool & Supply Co.*, 39

A.3d 253, 261 (Pa. 2012) (citations omitted).

17.    Applying that contractual interest term to this case results in this

formula:  Invoice Amount x Monthly Rate x Months Past Due = Accrued Interest.

18.    The following table summarizes the application of this formula to the

records of the unpaid invoices submitted by Worldwide and accepted into evidence by

the Court:

| Invoice | Invoice Date | Payment Due Date | Invoice Amount | Months Past Due | Monthly Rate | Accrued Interest |
|---|---|---|---|---|---|---|
| 183053 | 10/4/2018 | 11/3/2018 | $ 89,074.15 | 50 | 1.5% | $ 66,805.61 |
| 183630 | 11/21/2018 | 12/21/2018 | $  2,100.00 | 48 | 1.5% | $  1,512.00 |
| 183631 | 11/21/2018 | 12/21/2018 | $  2,454.50 | 48 | 1.5% | $  1,767.24 |
| 190792 | 2/28/2019 | 3/30/2019 | $ 101,238.51 | 45 | 1.5% | $ 68,335.99 |
| 190939 | 3/8/2019 | 4/7/2019 | $ 102,010.76 | 44 | 1.5% | $ 67,327.10 |
| 190940 | 3/8/2019 | 4/7/2019 | $ 58,475.00 | 44 | 1.5% | $ 38,593.50 |
| 193273 | 7/31/2019 | 8/30/2019 | $  4,050.00 | 40 | 1.5% | $  2,430.00 |
| 193961 | 9/16/2019 | 10/16/2019 | $  53,865.00 | 38 | 1.5% | $ 30,703.05 |
| | **Total Unpaid Invoice** | | **$ 413,267.92** | | **Total Interest** | **$ 277,474.50** |

19.    As a result, the Court finds that Worldwide is entitled to damages in the

amount of $413,267.92 for its unpaid invoices.  Additionally, Worldwide is entitled to

contractual interest in the amount of $277,474.40 on these invoices, for a total of $690,742.42.

20.     Additionally, as established by the testimony of Revati Puranik, Worldwide's Executive Vice President, Worldwide must pay $1,558,000.00 to resolve EQT's claims against the company.   Worldwide is entitled to indemnity for this amount under the terms of the parties' agreements.

21.     As for Worldwide's request for post-judgment interest, "because it will accrue on a *federal* judgment, [the Court] look[s] to federal law" to determine whether Worldwide is entitled to interest. *Thorn Flats, LLC v. BuildPro Constr. LLC*, No. 21-5412, 2022 WL 1720014, at *4 (E.D. Pa. May 26, 2022) (emphasis in original).

22.     Federal law instructs that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*

23.     Thus, "[b]ecause interest on a district court civil judgment is mandatory if requested, [Worldwide] is entitled to post-judgment interest accruing from the date of entry of default judgment at the rate designated under 28 U.S.C. § 1961(a)." *United States v. Structure Builders, LLC*, No. 22-705, 2022 WL 4454364, at *4 (M.D. Pa. Sept. 23, 2022) (citation omitted).

*     *     *

For these reasons, this **21st day of December, 2022,** it is hereby **ORDERED** that Worldwide's motion for default judgment (ECF 198) is **GRANTED**.

The Court enters judgment in Worldwide's favor and against Aspen on its claims in the amount of $2,248,747.42, plus post-judgment interest at the rate designated under 28 U.S.C. § 1961(a).

- 8 -

The Court also enters judgment for Worldwide and against Aspen on Aspen's claims, crossclaims, counterclaims, and affirmative defenses asserted against Worldwide.  All of Aspen's claims against Worldwide are dismissed with prejudice.

/s/ *J. Nicholas Ranjan*
United States District Judge